IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| MITCHELL LEE WALCK,              ) | Cause No. CV 05-01-H-CSO |
|                                  ) | |
|           Petitioner,            ) | |
|                                  ) | |
|      vs.                         ) | FINDINGS AND RECOMMENDATION |
|                                  ) | OF U.S. MAGISTRATE JUDGE |
| MIKE MAHONEY, Warden, Montana    ) | |
| State Prison,                    ) | |
|                                  ) | |
|           Respondent.            ) | |
| _____) | |

On January 18, 2005, Petitioner Mitchell Lee Walck applied to proceed in forma pauperis with this action for a writ of habeas corpus under 28 U.S.C. § 2254.

On July 7, 2005, this Court ordered Walck to file a brief showing either that his procedural default in state court should be excused or that procedural bar does not apply.  Walck responded to this Court's "Findings, Recommendations" "with an 'Order' in the form of a brief" on July 22, 2005.  He clearly intends the document as his response to the Order of July 7, 2005. See Pet'r Br. (Court's doc. 5) at 1.

**I. Background**

The current petition is Walck's third federal habeas

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

petition challenging his conviction and sentence in Montana's
Third Judicial District Court, Powell County, for felony assault
on a peace officer.  Because his two earlier petitions were
dismissed without prejudice for failure to exhaust state
remedies, the current petition is not considered "second or
successive."  See Slack v. McDaniel, 529 U.S. 473, 485-86 (2000);
28 U.S.C. § 2244(b).

### A. First Federal Petition

On December 16, 2002, Walck applied to proceed in forma
pauperis with his first petition.  The Court explained that Walck
must first exhaust his state judicial remedies.  At that time,
Walck represented that he had an action pending in the trial
court but suggested that it was not being timely addressed by
Judge Mizner.  The Court recommended dismissal without prejudice
because Walck had not exhausted his state remedies:

> Walck's Petition specifically states that he has not
> exhausted his state remedies. . . . [H]e has a post-
> conviction petition currently pending in the trial
> court.  This Court may not proceed until that petition
> has been adjudicated by the trial court and, if the
> trial court's decision is adverse to Walck, appealed to
> and decided by the Montana Supreme Court.

Findings and Recommendation at 7, Walck v. Mahoney, No. CV 03-07-
H-CSO (D. Mont. Jan. 24, 2003) (doc. 2).  On February 24, 2003,
Chief United States District Judge Donald W. Molloy adopted the
Findings and Recommendation and dismissed the case without
prejudice to Walck's refiling after he properly exhausted his

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

state remedies.  See Order (Court's doc. 5) at 2-3, Walck, No. CV 03-07-H-DWM (D. Mont. Feb. 24, 2003).

### B. Second Federal Petition

On November 21, 2003, Walck applied to proceed in forma pauperis with his second petition.  On that occasion, Walck again represented that he had a habeas petition pending in the trial court.  Because he was dissatisfied with what he perceived to be Judge Mizner's untimely handling of the petition, he filed another petition for writ of habeas corpus under state law, this time in the Montana Supreme Court.  On November 4, 2003, that court denied the petition, holding that habeas corpus is not the proper vehicle under state law to challenge a conviction or sentence and that Walck's petition could not be considered one for postconviction relief because the one-year state statute of limitations had already expired.  See Pet. Ex. F-H[1] (Order at paras. 6, 8, Walck v. Mahoney, No. 03-658 (Mont. Nov. 4, 2003) (citing Mont. Code Ann. §§ 46-22-101(2) and 46-21-102(1))).

Considering Walck's novel procedural moves in state court, this Court again explained the doctrine of exhaustion and advised Walck of exactly what he must do.  It also alerted him to the federal statute of limitations:

---

[1]  Walck did not number or paginate his exhibits.  For ease of reference, the Court gave each page of his exhibits a letter, A-K.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 3

Walck's attempt to evade the usual procedures poses an
insurmountable obstacle for this Court.  Judge Mizner
might dismiss Walck's habeas petition or might permit
him to convert it to a petition for postconviction
relief.  Consequently, the Court cannot deem Walck's
claims exhausted.  Moreover, because Walck did not
pursue "one complete round" of the State's established
procedures either on direct appeal or in postconviction
proceedings, his claims are not exhausted.

Walck must first obtain a resolution of his state
habeas petition in the trial court.  If the trial court
permits him to convert his habeas petition to one for
postconviction relief and then denies the petition,
Walck must also pursue an appeal in the Montana Supreme
Court.  Walck will not be prejudiced by this delay.
The federal statute of limitations is tolled while he
has a postconviction or habeas petition pending in
state court.  <u>See</u> 28 U.S.C. § 2244(d)(2).  Walck should
bear in mind, however, that he must proceed
expeditiously to this Court when his state judicial
remedies are exhausted.  <u>Cf.</u> <u>Ford v. Hubbard</u>, 330 F.3d
1086, 1098-1102 (9th Cir. 2003), <u>cert</u>. <u>granted</u> <u>sub</u> <u>nom</u>.
<u>Pliler v. Ford</u>, 124 S. Ct. 981 (2004).

Findings and Recommendation (Court's doc. 5) at 5-6, <u>Walck v.</u>

<u>Mahoney</u>, No. CV 04-13-H-CSO (D. Mont. Apr. 8, 2004) (doc. 5).

Judge Molloy adopted the Findings and Recommendation and

dismissed the case without prejudice for failure to exhaust state

remedies.  <u>See</u> Order at 3, <u>Walck</u>, No. CV 04-13-H-DWM (D. Mont.

June 28, 2004) (doc. 10).

**C. Third Federal Petition**

Walck now presents his third federal habeas petition.  He

advances substantially the same claims he made in No. CV 03-07-H

and in No. CV 04-13-H.  He attached to the instant petition a

copy of two motions he submitted in the trial court on or about

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 4

May 29, 2004.[2]  One was a motion for the appointment of counsel for the purpose of postconviction relief; the other was a motion for counsel for the purpose of pursuing an appeal to the Montana Supreme Court.  On June 8, 2004, Judge Mizner attached a handwritten note to each of the motions.  He directed that the first motion be returned to Walck because "[t]here is no petition for postconviction relief pending in this Court."  Pet. Ex. J. The second motion was denied because "[t]ime for appeal has expired."  Pet. Ex. K.

## II. Preliminary Screening

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading.  The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Id.  If summary dismissal is not warranted, the judge may order the respondent to file a pleading or "take such other action as the judge deems appropriate."  Id.

## III. Analysis

### A. Exhaustion of State Judicial Remedies

---

[2]  Walck erroneously represented in both of these motions to the trial court that "US Magistrate Carolyn Ostby has concluded above Petitioner is entitled to *Post [sic] Conviction Relief." Of course, no such conclusion has been reached.

In Walck's two earlier cases, the Court held that Walck might still be able to raise and exhaust his claims in state court.  Now, it is clear, based on Judge Mizner's handwritten notes, that Walck does not have a postconviction petition pending in the trial court.  With so much time having passed, he cannot hope to persuade the trial court to convert the habeas petition (which may heretofore have been dismissed) to a postconviction petition.  Because it is now clear that he can proceed no further in state court, his claims are now deemed exhausted.  Deeming his claims exhausted means that Walck is not required to pursue any further relief in state court.

**B. Doctrine of Procedural Default and Procedural Bar**

Nonetheless, Walck failed to place his claims before the state courts in the appropriate form at the appropriate time.  He has procedurally defaulted his claims in state court.

The issue of procedural default may be raised in a court's preliminary screening "when the default is obvious from the face of the petition and when recognizing the default would 'further the interests of comity, federalism, and judicial efficiency.'" Vang v. State of Nevada, 329 F.3d 1069, 1073 (9th Cir. 2003) (quoting Boyd v. Thompson, 147 F.3d 1124, 1128 (9th Cir. 1998)).

Here, procedural default is clear on the face of the petition.  When asked whether he filed in state district court one or more petitions for postconviction relief, Walck answered,

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 6

"Denied this process by public defender who represented me."
Pet. at 3, ¶ 11.  When asked whether he appealed to the Montana
Supreme Court from any adverse decision on a postconviction
petition by the state district court, Walck answered, "Denied
this process by representation."  Id. ¶ 12.  When asked to
explain why he did not appeal, Walck answered, "Denied by public
defenders who represented me.  Postconviction relief!!"  Id. ¶
13.

Procedural default becomes even clearer when the Court
considers Walck's filing history in this Court.  In both No. CV
03-07-H and No. CV 04-13-H, Walck asserted that he had a petition
pending in the trial court.  At the conclusion of both 03-07-H
and 04-13-H, it was still possible that Walck might proceed in
the trial court by moving to have his habeas petition converted
to a petition for postconviction relief.  Now, as set forth
above, it is clear that Walck has no further avenue for relief in
the state courts.

The issue is now one of procedural bar: under most
circumstances, claims that lack any procedural avenue to go
forward in state court, as Walck's do, also cannot be raised in
federal court.  The state's procedural bars are generally
adequate and independent grounds for declining to grant relief
and are not subject to federal review.  Harris v. Reed, 489 U.S.
255, 263 (1989).  In such cases, the merits of a petitioner's

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 7

case cannot be considered by a federal court.

Walck procedurally defaulted his claims by failing to file a petition for postconviction relief in the trial court within one year of his conviction becoming final.[3]  His default triggers a federal procedural bar because state law governing postconviction relief, including the one-year statute of limitations, has been in place since at least 1997.  The Montana Supreme Court has consistently applied Mont. Code Ann. §§ 46-21-102(1), without considering federal procedural or substantive law, to bar review of issues that are not timely raised in a post-conviction petition.[4]

---

[3] Walck also failed to file a direct appeal from his conviction, but he says that was his attorneys' fault.  Because he was constitutionally entitled to counsel on direct appeal, the Court will assume, for present purposes only, that his failure to file a direct appeal amounted to ineffective assistance of counsel.

[4] See, e.g., Pena v. State, 100 P.3d 154, 163 ¶ 35 (Mont. 2004) ("A failure to file within the allotted time defeats a court's jurisdiction to hear a postconviction claim.") (citations omitted); State v. Whitehorn, 50 P.3d 121, 129 ¶ 49 (Mont. 2002) (as amended) (reiterating requirement that post-conviction petitions be timely filed); State v. Hanson, 988 P.2d 299, 301 ¶ 14 (Mont. 1999) (explaining that Montana state courts must consistently apply the statutory bar to prevent the abuse of post-conviction relief by criminal defendants).
    The Court is aware that, on occasion, the Montana Supreme Court has entertained habeas petitions that challenge a trial court's authority to impose a certain sentence without considering the postconviction time bar; in some of those cases, the court has granted habeas relief to petitioners who were committed to more than five years in the custody of the Department of Corrections.  See, e.g., Peterson v. Mahoney, No. 03-739 (Mont. Dec. 16, 2003) (unpublished decision) (referring to

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 8

**C. Excuse for Procedural Default**

In view of Walck's procedural default, the Court gave him an opportunity to show either cause and prejudice or a fundamental miscarriage of justice in order to excuse his default.  The Court also explained those requirements.  See Order of July 7, 2005, at 8-11.

In response to that Order, Walck asserts that he could not pursue his state remedies because he was incarcerated in an isolation unit from May 2002 until November 22, 2003.  As a result, he claims, "I had never heard of the postconviction relief let alone a filing of it."  Pet'r Br. at 2.  He also claims that his attorney abandoned him.

On the contrary, Walck had multiple opportunities to press his claims in state court.  This Court advised Walck of exactly what he must do in order to exhaust his federal habeas claims in the state courts.  See Findings and Recommendation (Court's doc. 2) at 6-7, Walck, No. CV 03-07-H-DWM(CSO) (D. Mont. Jan. 24, 2003).  In his first petition in this Court, filed on December 16, 2002, he asserted that he had a habeas petition pending in the trial court; he filed the federal petition simply because he

---

Mont. Code Ann. § 46-18-201(1)(e) (1997)).  However, Walck does not argue here – and did not assert in the trial court – that he was committed to the custody of the Department of Corrections. In fact, he was sentenced to "Montana State Prison."  See Pet. Ex. A.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 9

did not feel the state court was sufficiently responsive.  The
state petition was eventually dismissed, on June 29, 2004,
because Walck failed to serve it.  <u>See</u> Pet'r Br. Ex. B.[5]  Walck's
failure to serve his habeas petition on the State prevented any
progress on it and is not "external to the defense," as required
to constitute cause for a procedural default.

    While the habeas petition was not the proper vehicle for
postconviction relief, Walck knew that, at least as of November
4, 2003, when the Montana Supreme Court told him so.  <u>See</u> Order
at paras. 6, 8, <u>Walck v. Mahoney</u>, No. 03-658 (Mont. Nov. 4,
2003).  Then, on April 8, 2004, this Court specifically advised
Walck that he might move to convert his habeas petition to one
for postconviction relief.  <u>See</u> Findings and Recommendation
(Court's doc. 5) at 5, <u>Walck</u> No. CV 04-13-H-DWM(CSO) (D. Mont.
Apr. 8, 2004).  However, as stated, because Walck failed to serve
on the State the habeas petition he filed in the trial court,
that petition was dismissed in June 2004.[6]  Moreover, Walck
missed his opportunity to tell the state courts that he was
unable to file the correct petition because of his lack of access

_____

        [5]  Again, Walck failed to number each page of his exhibits.
The Court has done so for him.

        [6]  There is no appeal from a trial court's dismissal of a
petition for writ of habeas corpus.  <u>See</u> <u>Morrison v. Mahoney</u>, 41
P.3d 320, 321, ¶ 8 (Mont. 2002).  Trial courts and the Montana
Supreme Court have original jurisdiction over habeas petitions
under state law.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 10

to legal resources or assistance.

Additionally, Walck's attorneys had no obligation under state or federal law to represent him in postconviction proceedings.  His awareness that they no longer represented him is clearly reflected in his pro se filings in this Court, in the trial court, and in the Montana Supreme Court – filings which began, at the latest, on September 30, 2002, see Pet'r Br. Ex. B, just a few months after Walck's conviction.  Walck also admits that he conferred with counsel about both a direct appeal and postconviction relief:  "Mr. Mirel time after time told me that Judge Ted L. Mizner was specifically prohibiting him from redress on my behalf insomuch as a direct appeal, postconviction relief." Pet'r Br. at 3.  Walck can hardly be said to have been ignorant of the existence of postconviction relief.

Finally, Walck claims that Judge Mizner waited until June 19, 2003, to dismiss certain charges that were severed from the charges on which Walck was convicted, and that he did so in order to make it impossible for Walck to file for postconviction relief.  See Pet'r Br. Ex. A.  But Walck's habeas petition remained pending in the trial court for more than a year after that, and Walck still failed to serve the habeas petition on the State.  Thus, regardless of what Judge Mizner did or did not do, he did not cause Walck to miss his opportunity to pursue postconviction relief.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 11

**D. Conclusion**

Under these circumstances, Walck cannot show good cause for his procedural default in state court.  Nothing stopped him from being "able to apply for post-conviction relief to a state court."  Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986) (holding that prisoner who was illiterate and whose inmate legal advisor was released before postconviction appeal was possible did not establish cause sufficient to excuse procedural default).  The conspiracy claims in his petition and his brief in response to the Court's Order of July 7 are conclusory and are not sufficient to show that he is "actually innocent."  The Court can only conclude that his procedural default is unexcused.

**IV. Certificate of Appealability**

**A. Controlling Standards**

Pursuant to 28 U.S.C. § 2253(c), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), "[a] certificate of appealability ["COA"] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  See Hohn v. United States, 524 U.S. 236 (1998); Lambright v. Stewart, 220 F.3d 1022, 1024 (9th Cir. 2000).  The standard of a "substantial showing" can be satisfied on an issue-by-issue basis.  Lambright, 220 F.3d at 1024 (citing

28 U.S.C. § 2253(c)(3)).

> [I]n order to make a substantial showing of the denial
> of a federal right a petitioner . . . "must demonstrate
> that the issues are debatable among jurists of reason;
> that a court could resolve the issues [in a different
> manner]; or that the questions are 'adequate to deserve
> encouragement to proceed further.'"

Lozada v. Deeds, 498 U.S. 430, 432 (1991) (quoting Barefoot v.

Estelle, 463 U.S. 880, 893 n.4 (1983)).  See also Slack, 529 U.S.

at 484 (petitioner "must demonstrate that reasonable jurists

would find the district court's assessment of the constitutional

claims debatable or wrong.").  Thus, a petitioner may obtain a

COA even if he does not establish that he will prevail on the

merits.  The COA inquiry seeks only to prevent frivolous appeals

from wasting judicial resources, while still affording defendants

an opportunity to show potential for merit.  Lambright, 220 F.3d

at 1025.  Any doubt as to whether a petitioner has met the

standard is resolved in his favor.  Id.

Where, as here, the district court dismisses a claim on

procedural grounds, the court must decide whether "jurists of

reason would find it debatable whether the petition states a

valid claim of the denial of a constitutional right" and whether

"jurists of reason would find it debatable whether the district

court was correct in its procedural ruling." Lambright, 220 F.3d

at 1026 (quoting Slack, 529 U.S. at 484).

Finally, the COA must indicate which issues satisfy the

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 13

required showing, 28 U.S.C. § 2253(c)(3), and the Court must "state why a certificate should <u>not</u> issue." Fed. R. App. P. 22(b)(1) (emphasis added). The Court need not explain why a certificate <u>should</u> issue. <u>Id</u>.

**B. Analysis**

The Court does not believe that jurists of reason would disagree that Walck's claims are procedurally defaulted or that he failed to show an excuse for his default. As set forth above, few habeas petitioners receive the guidance that Walck received as a result of his premature filing in this Court. His claim that his level of custody rendered him unable to pursue his state remedies is simply not credible in light of his filing of habeas petitions in the trial court, the Montana Supreme Court, and twice in this Court, not counting the present petition. If the petitioner in <u>Hughes</u> failed to show cause sufficient to excuse his procedural default, Walck certainly cannot do so. A COA should be denied.

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

Walck's Petition (Court's doc. 2) should be DISMISSED WITH PREJUDICE for unexcused procedural default. A certificate of appealability should be DENIED.

The Clerk of Court shall serve a copy of the Findings and

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 14

Recommendation of the United States Magistrate Judge upon the Petitioner. Petitioner is advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed or delivered to prison authorities for mailing within twenty (20) calendar days after the date on the certificate of mailing below, or objection is waived.

Walck must keep the Court informed of any change in his mailing address.

DATED this 29th day of November, 2005.


                              /s/ Carolyn S. Ostby
                              Carolyn S. Ostby
                              United States Magistrate Judge