FILED
MISSOULA, MT

2006 AUG 1 PM 4 29

PATRICK E. DUFFY
BY _____
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| MITCHELL LEE WALCK, | ) | CV 05-01-H-DWM |
| Petitioner, | ) | |
| vs. | ) | ORDER |
| MIKE MAHONEY, Warden, Montana State Prison, | ) | |
| Respondent. | ) | |

United States Magistrate Judge Ostby entered Findings and Recommendation in this matter on November 29, 2005. Upon review of the Findings and Recommendation I concur with Judge Ostby. Walck timely objected and is therefore entitled to de novo review of the record. 28 U.S.C. § 636(b)(1) (2000).

Petitioner Walck applied to proceed *in forma pauperis* with this action for a writ of habeas corpus under 28 U.S.C. § 2254. On July 7, 2005, Judge Ostby ordered Walck to file a brief showing that his procedural default in state court should be excused or that procedural bar did not apply. Walck responded

with an 'Order' on July 25, 2005. Judge Ostby found that that document was his response to her July 7, 2005 Order.

## I. Background

Walck was convicted of assault and sentenced to ten years on May 17, 2002. Petitioner had applied for habeas relief twice before Judge Ostby's Findings and Recommendation. Both times the petitions were dismissed without prejudice because Walck failed to exhaust his state remedies. Both times Walck represented he had a habeas petition pending in state court and the Court instructed Walck as to the proper procedural avenues for his petition. The Court also instructed him about relevant statutes of limitations.

When Walck submitted his third petition Judge Ostby found it covered the same claims as the two prior petitions. He sought to procure counsel for postconviction relief and to pursue an appeal to the Montana Supreme Court. In both instances, the state trial court judge attached a note explaining the impropriety of the motions.

## II. Analysis

Judge Ostby correctly found that Walck procedurally defaulted his claims in state court. As a result, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, she recommended summarily dismissing the petition as a matter of preliminary screening because Walck was plainly not entitled to relief from the district court.

Simply put, Walck procedurally defaulted in state court by failing to file petitions for postconviction relief within the allotted one-year time period.[1]  This default triggered a federal procedural bar that prevents him from proceeding.  This is clear on the face of this petition.

Nonetheless, on July 7, 2006 Judge Ostby afforded Walck an opportunity to show an excuse--cause, prejudice, or a fundamental miscarriage of justice-for his shortcoming.  In reply Walck stated he was incarcerated in isolation and had never heard of the opportunity to pursue postconviction relief.  Walck's frequent filings with Court, the Court responses directed to Walck, his interactions with the Montana Supreme Court, and his own writings in his briefs belie Walck's "excuse."  Walck has failed to properly proceed in state and federal courts despite the expenditure of considerable effort to properly guide him.

Finally, Judge Ostby correctly determined that pursuant to 28 U.S.C. § 2253(c), Walck did not merit a certificate of appealability.  This finding is because Walck has not made a "substantial showing of the denial of a constitutional right." *See Hohn v. United States*, 524 U.S. 236 (1998).  Reasonable jurists would not find this debatable or that Walck's scenario is "adequate to deserve encouragement to proceed further." *Lozada v. Deeds*, 498 U.S. 430, 432 (1991)(citation omitted).  Here,

---

[1] He blamed his attorney(s) for these lapses.

reasonable jurists would not find this debatable because of Walck's procedural defaults and the abundance of guidance offered to him. As Judge Ostby concluded, Walck cannot credibly assert that it is anyone's fault but his own for his repeated failures to comply with procedure. Thus, a certificate of appealability is not appropriate.

### III. Conclusion

Based on the foregoing, I adopt Judge Ostby's Findings and Recommendation (dkt #6) in full.

Accordingly, IT IS HEREBY ORDERED Petitioner's petition for writ of habeas corpus (dkt #2) is DISMISSED WITH PREJUDICE for unexcused procedural default; and

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

DATED this 1st day of August, 2006.

Donald W. Molloy, Chief Judge
United States District Court